UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LEE HENRY BERRY, | CASE NO. 4:17 CV 610 |
| Petitioner, | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| | MEMORANDUM OF OPINION AND ORDER |
| STEVEN MERLAK, Warden, | |
| Respondent. | |

*Pro se* Petitioner Lee Henry Berry is an inmate in the Federal Correctional Institution in Elkton, Ohio. He brings this *in forma pauperis* action for a writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging the sentence imposed on him by the United States District Court for the Eastern District of Michigan. In particular, he contends the trial court erred by enhancing his sentence based on a finding that he was an Armed Career Criminal. Petitioner relies for this proposition on *Descamps v. United States*, 133 S. Ct. 2276 (2013),[1] which he asserts the Sixth Circuit determined applies retroactively on collateral review in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016).

A district court must conduct an initial review of habeas corpus petitions. 28 U.S.C.

---

[1] *Descamps* held that a federal sentencing judge may not look to the underlying court record in determining whether a defendant committed predicate ACCA offenses when the statute of conviction has a single, indivisible set of elements.

§2243; *Alexander v. Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011). The court must deny a petition on initial review if it plainly appears from the face of the petition that the petitioner is not entitled to relief. *Id.* The allegations in the petition are accepted as true and liberally construed in the petitioner's favor. *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed section 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, the "savings clause" noted above applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed.Appx. 243, 248 (6th Cir. 2001)(unpublished disposition)(quoting *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). A petitioner bears the burden of proving that the section 2255 remedy is inadequate or

ineffective. *Charles*, 180 F.3d at 756 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

The Supreme Court has not held that *Descamps* applies retroactively to cases on collateral review. *Groves v. United States*, 755 F.3d 588, 593 (7th Cir.), *cert. denied*, 135 S. Ct. 501 (2014)*; United States v. Montes*, 570 Fed.Appx. 830, 831 (10th Cir. 2014). Further, Petitioner's reliance on *Hill v. Masters* is misplaced, as that decision was based on the government's agreement *in that particular case* that *Descamps* applied retroactively. *Id.,* at 595.

Petitioner thus seeks to raise sentencing issues that could and must be raised in a 2255 motion. The Petition does not set forth a valid basis on which to instead raise these issues pursuant 28 U.S.C. § 2241, nor does it give rise to "serious constitutional questions" requiring further consideration of Petitioner's claims.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 5/22/17